# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3622 | **DATE** | 11/1/2000 |
| **CASE TITLE** | BEVERLY BURGETT vs. CITY COLLEGES OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: defendants' motion to dismiss is hereby granted [10-1] and plaintiff's motion for reconsideration/denial of the motion to dismiss is denied [12-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | NOV 2 2000 | | |
| | Notices mailed by judge's staff. | | | date docketed | | |
| | Notified counsel by telephone. | | | | | 15 |
| ✓ | Docketing to mail notices. | | | | | |
| ✓ | Mail AO 450 form. | | | IS | | |
| | Copy to judge/magistrate judge. | | | docketing deputy initials | | |
| TBK | courtroom deputy's initials | | FILED FOR DOCKETING 00 NOV -1 AM II: 01 | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV - 2 2000

BEVERLY BURGETT,                    )
                                    )
                                    )
                                    )
            Plaintiff,              )
                                    )      No. 00 C 3622
      v.                            )      Judge Ronald A. Guzman
                                    )
                                    )
CITY COLLEGES OF CHICAGO            )
and its ASSIGNEES,                  )
                                    )
                                    )
                                    )
            Defendants.             )


## MEMORANDUM OPINION AND ORDER

Pending is defendant City Colleges of Chicago's motion to dismiss Beverly Burgett's

complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) and plaintiff's motion for

reconsideration/denial of the motion to dismiss. For the reasons set forth below defendant's

motion to dismiss is hereby granted (#10-1) and plaintiff's motion to reconsider/denial of the

motion is hereby denied. (#12-1).

## BACKGROUND FACTS

Plaintiff has filed a complaint alleging that defendant City Colleges of Chicago violated

federal law when City Colleges denied her progression to a Nursing 102 class, despite the fact

that plaintiff had passed Nursing 101. Plaintiff states that she was administratively withdrawn

from Nursing 102 despite passing the first and only test she was able to take. As part of plaintiff's participation in defendants' nursing program defendants had entered into a Statement of Student Understanding with plaintiff on October 6, 1999 which stipulated the requirements Plaintiff must meet in order to progress to Nursing 102. The Statement of Student Understanding provided in part the following:

**A. Demonstration of professionalism in the student role. This refers to:**

◆**Referring and addressing all professors by their last names and titles.**
◆ **Refraining from interrupting lectures with questions unrelated to the topic at hand.**
◆ **Full cooperative, participation in all classroom activities and assignments.**
◆ **Refraining from interruptions of faculty as well as peers.**
...

**C. Obtaining ongoing counseling for stress and anxiety management.**

(Statement of Understanding paragraphs A and C).

Plaintiff alleges numerous violations of federal law including but not limited to violations of: 42 U.S.C. § 1983, 28 U.S.C. § 1343 of the Civil Rights and Elective Franchise Act, § 35.130 the Rehabilitation Act, 29 U.S.C. § 794(a) and violations of the American With Disabilities Act, 42 U.S.C. § 12112 and 12182 (1994). Plaintiff also sets forth a state claim for violation of Illinois' Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS §110/1 and 110/2.

Plaintiff alleges that defendants' conduct unlawfully affected what she wanted to do with her life as well as her future potential earnings. Plaintiff seeks restitution which she hopes does not include attending a City College of Chicago school, compensatory damages in the amount of $250,000, punitive damages, costs and such other relief the court deems just.

## DISCUSSION

Because plaintiff is proceeding pro se, we have a special responsibility to construe her complaint liberally and to "take appropriate measures to permit the adjudication of pro se claims on the merits rather than to order their dismissal on technical grounds. *Donald v. Cook County Sheriff's Dept.,* 95 F. 3d 548, 555 (7th Cir. 1996); see also *Castillo v. Cook County Mail Room Dept.,* 990 F. 2d 304, 307 (7th Cir. 1993)(stating that a pro se complaint, "however in artfully pleaded," should be liberally construed). Dismissal is in order "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 104 S.Ct. 2229, 81 L. Ed. 2d 59 (1984).

Plaintiff's complaint appears to challenge the requirements set by defendants when defendants required plaintiff to obtain counseling on an ongoing basis as part of plaintiff's participation in defendants' Nursing Program. [A]ctions leading to sanctions of severity less than expulsion do not constitute an aggrievement under the Constitution, nor do they invoke the jurisdiction of the federal court regardless of the nature of the incident or the reasons for the disciplinary action... *Yench v. Stockmar,* 483 F. 2d 820 (10th Cir. 1983). The courts as a general proposition have shunned interference with the operations of colleges and universities. "The campus presents a unique situation which imposes special considerations in the application of Constitutional protections and judicial interposition in the operation of the public school system of the Nation raises problems requiring care and restraint..." *Robinson v. Board of Reagents of Eastern Kentucky University,* 475 F. 2d 707, 710 (1973), *quoting Epperson v. Arkansas,* 393

U.S. 97, 104, 89 S.Ct. 266, 21 L. Ed. 2d 228 (1968). This avoidance is especially appropriate in

actions challenging the institution's regulations of the academic sphere of campus life, a domain

in which courts possess minimal expertise; assertions of the plaintiff's exemplary academic

performance engender issues incapable of judicial resolution.

> "The rule of judicial nonintervention in scholastic affairs is particularly applicable in the case of a medical school. A medical school must be the judge of the qualification of its students to be granted a degree; Courts are not supposed to be learned in medicine and are not qualified to pass opinion as to the attainments of a student in medicine...Whether the plaintiff should or should not have received a passing grade for the period in question is a matter wholly within the jurisdiction of the school authorities, who alone are qualified to make such a determination.

*Connelly v. University of Vermont and State Agr. Col.*, 244 F. Supp. 156, 160-161 (1965).

Despite the immunity accorded in academic matters, the determination by educational authorities

of a student's academic or emotional fitness may by actionable if the adverse determination

complained of is motivated by bad faith, arbitrariness or capriciousness. *Id.* at 159.

A review of plaintiff's complaint reveals that plaintiff has failed to plead factual

allegations constituting a claim upon which relief can be granted. Instead, plaintiff has merely set

forth a number of statutes upon which she summarily bases her complaint. For example,

plaintiff claims a violation of the American With Disabilities Act, 42 U.S.C. §12182(a) but

plaintiff's complaint is void of any facts to support that she has any disability or a disability

recognized by the Act. In addition, plaintiff cites to Illinois' Mental Health and Developmental

Disabilities Confidentiality Act, 740 ILCS et seq. which protects individuals from disclosure of

their communications with any physicians, social workers, psychologist, and nurses but she has

not alleged facts giving rise to any "communication" with a provider of care for mental health

nor has she alleged disclosure of such. As to the Rehabilitation Act, 29 U.S.C. § 794(a) plaintiff

has failed to allege the basis upon which this Act could be applied to her. Similarly, the Civil Rights and Elective Franchise Act, 28 U.S.C. §1343 references civil rights as an elective franchise, and offers no protection for the claims ostensibly set forth in plaintiff's complaint against defendants. Moreover, plaintiff fails to set forth any facts to raise the inference that defendants acted in bad faith when they denied her progression to Nursing 102. In light of the above it cannot be concluded that plaintiff's complaint sufficiently sets forth any basis upon which relief could be granted. Plaintiff's complaint is dismissed without prejudice. Plaintiff has until October 30, 2000 to file an amended complaint. If she fails to do so this case is dismissed with prejudice.

## CONCLUSION

For the reasons set forth defendants' motion to dismiss is hereby granted (#10-1) and plaintiff's motion for reconsideration/denial of the motion to dismiss denied (#12-1).

**SO ORDERED** 11/1/00

ENTERED:

HON. RONALD A. GUZMAN
United States Judge